## LORENZO H. HARDING *v.* BENJAMIN C. HALE.

To an action for goods sold, the defendant answered that he had, in part payment of the price, given a special promise to pay certain debts of the plaintiff, and had performed that promise, and that he had otherwise paid the remainder of the price. *Held,* that a judgment for the defendant in that action was no bar to a subsequent action on the special promise.

ACTION OF CONTRACT on a special promise, whereby the defendant, in part payment for a conveyance to him from the plaintiff of the stock of a livery stable, promised to pay certain debts of the plaintiff. Answer, a judgment recovered by the defendant, in an action previously brought against him by the plaintiff on the same cause of action.

At the trial, the defendant gave in evidence a judgment in his favor, rendered in an action brought against him by the plaintiff to recover payment for the same property, sold by the plaintiff to the defendant; in his answer to which the defendant admitted the purchase, but alleged that he had paid therefor the price agreed upon by the parties, and that in part payment therefor he took up a mortgage outstanding thereon, and relinquished certain claims upon the plaintiff, and gave the plaintiff his negotiable note for $500, and agreed to pay, and had since paid, certain debts of the plaintiff to the amount of the balance of the price; and the plaintiff replied, denying all these facts.

*Merrick,* J. inclining to the opinion that said judgment was a bar to this action, ordered a verdict for the defendant, and reserved the question for the consideration of the full court.

*E. H. Bennett,* for the plaintiff. The former judgment is not a bar. The cause of action was not the same in the two suits; the suits would not be sustained by the same evidence; and the same point was not directly in issue. *Hitchin* v. *Campbell,* 2 W. Bl. 831, and 3 Wils. 304. *King* v. *Chase,* 15 N. H. 9. *Towns* v. *Nims,* 5 N. H. 259. *Gates* v. *Goreham,* 5 Verm. 317. *McKnight* v. *Dunlop,* 4 Barb. 36. *Burdick* v. *Post,* 12 Barb. 168. *Shafer* v. *Stonebraker,* 4 Gill & Johns. 345. The giving of the very promise now sued upon was relied on as a defence to the

action for the price of the goods. The averment, introduced by the defendant in his answer to that action, that he had performed that promise, was not essential to this defence, and cannot add to the effect of the judgment.

*C. I. Reed,* for the defendant. The subject matter of the former suit between these parties was the same as in this; the question now in issue was raised upon the record in the former action, and must have been found by the jury in the defendant's favor; the judgment was upon the merits, and is a bar to this action. 1 Greenl. Ev. §§ 530–534. *Livermore* v. *Herschell,* 3 Pick. 37. *Spooner* v. *Davis,* 7 Pick. 147. *Arnold* v. *Arnold,* 17 Pick. 13. *Eastman* v. *Cooper,* 15 Pick. 279. *Outram* v. *Morewood,* 3 East, 346. *Bigelow* v. *Winsor,* 1 Gray, 302.

THOMAS, J. In the first suit, the defence was the liability of the defendant upon this special promise to pay the debts of the plaintiff; the plaintiff could not recover the price for goods sold and delivered, because he had received, as the consideration of the purchase, this special promise and undertaking of the defendant to pay the plaintiff's debts. By so pleading, he affirmed, instead of negativing, the special promise and undertaking. He said, in substance, "I am not to pay you for these goods in money, because the consideration, or part of the consideration, of the sale was the special promise and undertaking to pay your debts." The judgment in the first suit was, that the plaintiff could not recover, because of the subsisting obligation of the defendant to pay the debts of the plaintiff.

Now, when an action is brought on the agreement, the defendant cannot turn round, and say, "You have brought your action for the money, and have failed." The obvious answer of plaintiff would be, "I have failed, because you set up in bar the very promise and undertaking on which I now rely."

It would seem to be plain, therefore, that the judgment in the first suit constitutes no bar to the maintenance of this action. The first suit was not for the same cause of action, nor to be supported by the same evidence, as the second. The judgment in the first did not negative the cause of action relied upon in the second, but affirmed its existence and pointed the way to a better writ. *New trial ordered.*